DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Scott Wallace, appeals from the judgment of the Summit County Domestic Relations Court. This Court affirms.
 I. {¶ 2} On February 10, 2004, Appellee, Shannon Blair, filed a complaint for divorce against her then husband, Appellant, Scott Wallace. On January 3, 2005, Wallace filed a motion for sanctions against Blair, seeking recovery of attorney fees for Blair's alleged abuse of discovery, failure to negotiate in good faith and abuse of proceedings. On January 25, 2005, at a pretrial conference, the parties entered into a settlement agreement. The trial court issued a final decree of divorce on June 8, 2005. The record reflects that no discussion of Wallace's motion for sanctions occurred at the hearing. Further, the trial court did not discuss Wallace's motion for sanctions in the June 8, 2005 final decree of divorce. *Page 2 
 {¶ 3} On August 22, 2008, Wallace filed a motion requesting that the court schedule a hearing on his motion for sanctions. On November 4, 2008, the trial court denied Wallace's motion for a hearing on his motion for sanctions. In its journal entry, the trial court held
 "This matter is before the Court on [Wallace's] August 22, 2008 motion to set a hearing on a motion for sanctions filed on January 3, 2005. The Court divorced the parties hereto on June 8, 2005 and adopted the parties' agreement as an order of the Court. Pursuant to the parties' agreement, `the parties reached an agreement on all issues.' *** At the time of divorce, [Wallace's] January 3, 2005 motion for sanctions was pending." (Emphasis sic.)
 {¶ 4} Wallace timely appealed the trial court's decision. He has raised one assignment of error for our review.
 II ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED BY DENYING [WALLACE'S] MOTION TO SET A HEARING ON HIS PREVIOUSLY FILED MOTION FOR SANCTIONS, BY, IN EFFECT DETERMINING THAT THE MOTION FOR SANCTIONS HAD MERGED INTO THE FINAL DECREE OF DIVORCE."
 {¶ 5} In Wallace's sole assignment of error, he asserts that the trial court erred by denying his motion to set a hearing on his motion for sanctions based on the reasoning that the motion for sanctions had merged into the final decree of divorce. We disagree.
 {¶ 6} Here, the trial court entered an order on June 8, 2005, adopting the parties' agreement and entering a final divorce decree. In its order, the trial court explicitly stated that "the parties reached an agreement on all issues." We disagree with Wallace's contention that this matter involves an issue of merger. Accordingly, we also disagree that this matter is controlled by Vogel v. Shaw (Feb. 7, 2001), 9th Dist. No. 20007, in which we held that the trial court erred in holding that a third party's motion for sanctions merged into a final divorce decree. Rather, we conclude that in its November 4, 2008 order, the trial court found that the parties had *Page 3 settled all of their disputes, including the dispute that gave rise to the motion for sanctions, pursuant to their June 8, 2005 divorce decree. If Wallace questioned whether the trial court's statement that "the parties reached an agreement on all issues" (emphasis added) encompassed his motion for sanctions, he could have either (1) renewed his motion for sanctions, as he had thirty days from the entry of final judgment to do so, or (2) appealed from the trial court's final decree of divorce. See R.C. 2323.51(B)(1). He did neither.
 {¶ 7} On appeal, Wallace also argues that the trial court signed the divorce decree prepared by Blair's counsel but that neither he nor his counsel approved the divorce decree. Again, if Wallace questioned the enforceability of the divorce decree, he could have appealed from the trial court's June 8, 2005 entry of the final divorce decree. He did not. We lack jurisdiction to review Wallace's challenge to the June 8, 2005 divorce decree as he failed to timely appeal from that order.
 {¶ 8} Accordingly, Wallace's sole assignment of error is overruled.
 III. {¶ 9} Wallace's sole assignment of error is overruled. The judgment of the Summit County Domestic Relations Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27. *Page 4 
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
CARR, J. WHITMORE, J. CONCUR. *Page 1